Argued and submitted May 5, alternative writ dismissed July 27, 1982

STATE ex rel FROHNMAYER,
*Plaintiff-relator,*
*v.*
SAMS,
*Defendant.*
(SC 28351)
648 P2d 364

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for plaintiff-relator. With him on the brief were Dave Frohnmayer, Attorney General and William F. Gary, Solicitor General, Salem.

John K. Lowe, Lake Oswego, argued the cause for defendant. With him on the brief was Crist, Stewart, Lowe & Maurer, Lake Oswego.

LINDE, J.

## LINDE, J.

The State of Oregon, on the relation of the Attorney General, petitioned this court for a writ of mandamus directed to the defendant, a judge of the Circuit Court for Clackamas County. According to the petition, the Grand Jury of Clackamas County subpenaed John K. Lowe, who had represented Michael Patrick Lindley in a criminal case, in order to inquire whether Lowe had notified Lindley of the sentencing date in *State v. Lindley,* at which Lindley did not appear. Lowe appeared before the grand jury but declined to answer whether he had so notified Lindley, invoking Lindley's privilege to the confidentiality of communications between attorney and client. The prosecutor then requested the present defendant, Judge Sams, to order Lowe to testify on this question before the grand jury, but the defendant denied the prosecutor's motion.

We issued the alternative writ requested by the state. Defendant answered, asserting that he had not ruled that the conversation between John K. Lowe and his client was a privileged communication but rather that the client was an essential party to a proceeding in which the question of the privilege was to be decided, and that the state had made no effort to serve Lindley with notice of that proceeding. The state, in turn, filed a reply denying that the client's presence was necessary for a judicial determination whether any potential attorney-client privilege precluded his attorney, Lowe, from answering the question put to him before the grand jury.[1]

1.      Because we had doubts about the procedure followed in this case, we requested the parties to file supplemental memoranda on that procedure, including the question whether a prosecutor, in that capacity, may move a court to order a recalcitrant witness to answer his questions before a grand jury, or whether such a request must come from a grand jury which itself insists on compelling the testimony of a reluctant witness over his or her objections. We hold that only the grand jury can demand that a

---

[1] Defendant's answer also alleged, and the state's reply denied, that this judicial determination would be a "critical stage" in the investigation of the client's possible prosecution for failure to appear at his trial, so as to require appointment of counsel for the client.

witness answer questions before it, and that in the absence of such a demand, the defendant had no duty to order the witness to give the testimony demanded by the prosecutor.

■ ■　The prosecutor has authority to subpena witnesses "to appear before the grand jury upon an investigation pending before it." ORS 136.563. The inquisitorial power to compel testimony resides in the grand jury, not in the district attorney. It is his function to "attend upon and advise the grand jury when required," ORS 8.670, and, "when required by the grand jury, . . . to examine witnesses in its presence." ORS 132.340. No doubt in this capacity he also serves the grand jury in obtaining such aid from the court as the grand jury may request. But the qualifying phrase in ORS 132.340, "when required by the grand jury," is not meaningless. It reflects the historic independence of the grand jury's role from that of the prosecutor about which grand jurors should be clearly informed. A grand jury confronted by a witness who explains his reasons for not wishing to answer a question may choose not to press the question. In such a case, the prosecutor could hardly ask the court on behalf of the grand jury to order the witness to answer his question.

The state concedes that in this case there is no record that the grand jury considered the matter and ordered Lowe to answer the question over his invocation of Lindley's attorney-client privilege. The trial judge, the defendant in the present proceeding, therefore did not err in denying the prosecutor's motion.

If the state pursues the grand jury proceeding and wishes to insist on an answer from Mr. Lowe, there will be an opportunity, whether by notifying Lindley or perhaps otherwise, to relieve Lowe of the dilemma of choosing between his own obligations as a witness and his former client's interest in the assertion of whatever privilege he may have. Because the issue we have decided suffices to dispose of the alternative writ of mandamus, there is no proper occasion now to pursue the other issues raised by the parties before the circuit court.

The alternative writ is dismissed.